JOHNSON, J.
Upon petition for reconsideration the respondent school district contends this court erred in substituting its factual finding for that of the Fair Dismissal Appeals Board. Petitioner relies on the following statement in our opinion:
" 'The district implies in its brief that the district’s remaining curriculum in industrial arts was not sufficient to warrant employment of a full-time teacher, and that the only available position was one which required a teacher to teach both industrial arts and social studies. Under these circumstances the District may have been justified retaining the incumbent and dismissing petitioner. There is nothing in the record to indicate that this was the basis for the Board’s decision. The only evidence to support such a contention was testimony that the incumbent taught industrial arts and social studies during 1974 and1975, but there is no indication that this pattern was to continue in 1976. There is testimony that the incumbent was to teach several industrial arts courses in 1976, thus implying that the industrial arts curriculum required a full-time teacheri ” (Emphasis supplied.)
Petitioner contends the emphasized portion of the quotation constituted a finding that the 1976 curriculum required a full-time teacher. The statement was merely a comment on the evidence and did not constitute a finding because none was required. The Board made the following findings:
" 'Every reasonable effort was made by the District Superintendent to transfer the teacher to a position for which he was qualified.
" The teacher was not qualified in any other position within the district.
" 'The facts relied upon to support the recommendation of the district Superintendent are true and substantiated and justify the statutory grounds cited for the dismissal. The dismissal of James Cooper as a permanent teacher at Banks School District No. 13 was made in accordance with the Fair Dismissal Appeals Board.’ ”
*[1332] The superintendent’s recommendation referred to by the Board was premised on the conclusion that because petitioner had no training or experience in the subject matter of the industrial arts courses offered in 1976, he was unqualified to teach such courses. We held that premise is wrong as a matter of law. Petitioner was legally qualified under the endorsement to his teaching certificate to teach any course in industrial arts. There is nothing in the record to indicate that either the school district or the Board ever considered the grounds advanced by respondent on appeal, i.e. that the only available position was one which required a teacher to teach both industrial arts and social studies.
Petition for reconsideration is denied.